Officer Joseph T. Williams c/o Cpl. McCrary Means Public Information Officer Hot Springs Police Department 641 Malvern Hot Springs, Arkansas 71901
Dear Officer Williams:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether your "picture is part of FOI." Your question refers to the Arkansas Freedom of Information Act, codified at A.C.A. §§ 25-19-101 to-109 (Repl. 2002) and (Supp. 2005), as amended by Acts 268, 726[1] and 998 of 2007. Specifically, you note that "this is in reference to several news agencies wanting a photo of [you] released from the Hot Springs Police Department." You state that "[t]his is about a news story that [you] are involved in." The custodian of the records states that he has received a verbal request from two television stations for a photo of you. The custodian has not indicated what he has decided as to the release of the photo. He states to me only that "Officer Williams is assigned to our bicycle patrol unit and is not an undercover officer" and that he is "looking forward on a decision from [my] office regarding this matter."
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to state whether the decision of the custodian with regard to release of the records is consistent with the FOIA. See A.C.A. § 25-19-105(c)(3)(B)(i). In this instance the custodian has apparently not made a decision as to the release of the photograph. There is therefore no decision for my office to review under A.C.A. § 25-19-105(c)(3)(B)(i). Although I cannot perform my stated statutory duty without the custodian's decision to review, I have set out below a summary of the relevant law and excerpts from some previous Attorney General opinions relating to the release of police officer photographs.
As an initial matter, The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
"Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that you are a city employee, I believe that your photograph maintained in connection with your employment qualifies as a "public record" under this definition. Clearly, it is a "data compilation in any medium" and in my opinion reflects the performance or lack of performance of public functions. Cf., e.g., Henderson v. City of Chattanooga, 133 S.W.3d 192, 204
(Tenn.Ct.App. 2003) ("In light of the very broad definition of public records and giving the Act a liberal construction, as we must, we cannot say that when a photograph of an officer is taken and placed in his or her personnel file, that it was not `made . . . in connection with the transaction of official business by any governmental agency'").
As my predecessor noted in Op. Att'y Gen. No. 1999-305, "If records fit within the definition of `public records' . . . , they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Id. at 2.
Records maintained with regard to a police officer's employment typically comprise either "personnel records" or "employee evaluation/job performance records" for purposes of the exemptions listed in the FOIA.
Although the FOIA does not define the term "personnel records," as used therein, this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records that relate to the individual employee. See, e.g., Op. Att'y Gen. 2007-008, citing Op. Att'y Gen. 2005-032 (and opinions cited therein). Because a photograph of you maintained by the Hot Springs Police Department relates to your employment and is not an employee evaluation or job performance record,"[2] in my opinion it is properly classified as a "personnel record" for purposes of the FOIA.
Under the relevant statute, A.C.A. § 25-19-105, "personnel records" are open to public inspection and copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998). The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. 2004-260; 2003-336; 2003-201; 2001-101; 98-001.
My predecessors have had several occasions to discuss whether the release of public employees' photographs, particularly photographs of police officers, would constitute a "clearly unwarranted invasion of personal privacy." In Op. Att'y Gen. 98-130, one of my predecessors addressed the release of a Little Rock police officer's photograph, which had been requested by local television media. My predecessor, after setting out the appropriate test for disclosure of "personnel records," stated the following:
With regard, specifically, to the release of your photograph, it must be noted that the identity of public employees is ordinarily a matter of significant public interest. See Ops. Att'y Gen. 1997-286 and 96-005. In Opinion 1997-286, this office opined that the balance would likely tip in favor of disclosure of a police officer's photograph in the absence of some distinguishing factor which would evidence a substantial privacy interest justifying nondisclosure. See generally Op. Att'y Gen. 1996-005
(photograph of officer and any information in personnel file that could personally identify him should not be released because of his recent status as undercover officer).
Id. at 4-5. See also, Op. Att'y Gen. 98-131.
The same conclusion was reached in an earlier opinion, also involving a Little Rock police officer and a request by a television station for a photograph. See Op. Att'y Gen. 97-286 (stating that ". . . I believe the balance would likely tip in favor of disclosure in the absence of some distinguishing factor (such as the officer's undercover status in Opinion 1996-005) which would evidence a substantial privacy interest justifying nondisclosure. . ."). My predecessor concluded that "[t]his follows from the conclusion that the identity of public employees is ordinarily a matter of significant public interest." Id. citing, Ops. Att'y Gen. 1996-005 and 90-335.
It has been made clear, however, that a police officer's current or recent status as an undercover officer will justify the refusal to release a photograph of a police officer under the FOIA. As stated in Op. Att'y Gen. 96-005:
The release of such a photograph or other personally identifying information could subject you to harm or retaliation from persons who know your likeness but not your identity as an undercover officer. Your privacy interest in this record is also heightened by the fact that your service in the capacity of an undercover officer has been so recent. Although, admittedly, the public may have a significant interest in the records in question, in my opinion the potential for harm to you will tip the balance in favor of nondisclosure.
Id. at 5 (also noting that the A.C.A. § 25-19-105(b)(6) exemption for ongoing law enforcement investigations may support the withholding of a recent undercover officer's photograph).
The custodian of the records in this case indicates that you are not, and have not recently been, an undercover officer. He also states that you serve on the bicycle patrol unit of the Hot Springs Police Department. The rationale for non-disclosure discussed above is therefore inapplicable. In my opinion, absent some other distinguishing factor leading to a substantial privacy interest justifying nondisclosure, the custodian would be correct to determine that the A.C.A. § 25-19-105(b)(12) balancing test tips in favor of public disclosure. Cf. Henderson v. City of Chattanooga, supra (where police officers were patrol officers, not undercover officers, release of their photographs to news media did not violate the officers' substantive due process rights under analogous constitutional balancing test, at least where officers failed to prove that release of their photographs would subject them or their families to a substantial risk of serious harm).[3]
I must note, however, that I have not been provided any facts in this regard except that you are with the bicycle patrol unit and are not currently an undercover officer. Because the application of the "personnel records" balancing test is one of fact, the custodian is placed in the initial position of weighing the specific factors on each side of the applicable balancing test, and determining the outcome, subject of course to judicial review.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
[1] Act 726 is not yet effective. See Op. Att'y Gen. 2007-164.
[2] As I recently stated in Op. Att'y Gen. 2007-206, "This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. Nos. 2006-035; 2005-030; 2004-211; 2003-073; 1998-006; 1997-222; 1995-351; 1994-306; 1993-055. To fall within this classification, the record must have been created for the purpose of evaluating the employee. See, e.g., Op. Att'y Gen. No. 2004-012." Id. at 5-6.
[3] The court in Henderson distinguished a federal Sixth Circuit case which concluded that the release of undercover police officers' drivers licenses (with photographs), to criminal defense counsel violated the officers' constitutional right to privacy. Id. at 213-14, distinguishing Kallstrom v. City of Columbus, 136 F.3d 1055 (6th Cir. 1998), rejected as applying too lenient a standard in Hart v. City of Little Rock,432 F.3d 801 (8th Cir. 2005). In addition, in my opinion the case of State ex rel. Plain Dealer Publishing Company v. City of Cleveland,106 Ohio St.3d 70, 831 N.E.2d 987 (2005), which concluded that police officer photographs were not subject to release under the Ohio Public Records Act, is not persuasive on the point in light of the very different statutory language at issue therein, which exempted "Any record that identifies a person's occupation as a peace officer. . . ." (Emphasis added.)